[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11538
Non-Argument Calendar

_____

D. C. Docket No. 08-00057-CV-T-17-TGW

KENNETH J. KANIA,
DOLORES KANIA,

Plaintiffs-Appellants,

versus

DIANE NELSON, in her capacity
as Tax Collector, Pinellas
County, Florida,
JIM SMITH, in his capacity
as Tax Appraiser, Pinellas
County, Florida, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 29, 2008)**

Before BIRCH, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Kenneth and Dolores Kania appeal pro se from the district court's order dismissing for lack of subject matter jurisdiction their 42 U.S.C. § 1983 action against Pinellas County and several of its officials challenging the validity of a state tax. The Kanias, nonresidents of Florida, alleged that Florida's homestead exemption and Save Our Homes tax cap violate the United States Constitution's Privileges and Immunities Clause, and thus, sought prospective application of those provisions to the state property taxes assessed on their St. Petersburg condominium and monetary damages in the form of a partial refund of taxes already paid.

The district court dismissed their complaint, concluding that the Tax Injunction Act (TIA), 28 U.S.C. § 1341, deprives district courts of jurisdiction over challenges to state taxes and that, further, the principle of comity requires taxpayers to seek relief in state courts where such a remedy is available. We agree.

The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The TIA bars claims not only for injunctive or declaratory relief, but also for refunds and damages, as a monetary award would have the same effect on the State as if the prospective relief

2

had been granted. A Bonding Co. v. Sunnuck, 629 F.2d 1127, 1132-33 (5th Cir. 1980) (holding that the TIA deprives district courts of jurisdiction over claims for money damages based on unconstitutionality of city tax and tortious nature of enforcement). Congress enacted the TIA to prevent those who seek to avoid paying their tax bill from challenging the tax's validity in federal court instead of pursuing the course specified by the state taxing authority. Hibbs v. Winn, 542 U.S. 88, 104-05, 124 S.Ct. 2276, 2288, 159 L.Ed.2d 172 (2004).

The Kanias frame their suit as one arising from the Constitution and § 1983. The subject matter of the suit, however, is the application of Florida's homestead exemption and Save Our Homes tax cap, and the Kanias seek relief in the form of (1) a tax refund and (2) prospective application of the Florida laws to the taxes assessed on their St. Petersburg property. Thus, their claim comes squarely within the ambit of the TIA. Furthermore, the Kanias have failed to show that Florida does not provide a plain, speedy, and efficient remedy for their challenge of the state tax system or a plain, adequate, and complete remedy for their federal constitutional claim.

**AFFIRMED.**